**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| OFFICE OF THE ATTORNEY GENERAL,<br><br>Petitioner,<br><br>vs.<br><br>THE GUAM CIVIL SERVICE COMMISSION,<br><br>Respondent,<br><br>vs.<br><br>BRYAN J. CRUZ,<br><br>Real Party in Interest | Special Proceedings Case No. SP0055-25<br><br>**DECISION AND ORDER DENYING REAL PARTY IN INTEREST'S MOTION FOR RECONSIDERATION RE MOTION TO DISMISS COUNTERCLAIM FOR DECLARATORY RELIEF** |

Real Party in Interest Bryan J. Cruz moves the Court to reconsider its February 16, 2026 Decision and Order granting the Office of the Attorney General's (OAG) Motion to Dismiss Counterclaim for Declaratory Relief. Having reviewed the Motion and related filings, the Court finds no statutory basis for reconsideration. The Motion is therefore DENIED.

## I.  BACKGROUND

On September 25, 2024, OAG terminated Cruz from his position as Investigator III by a Final Notice of Adverse Action. R. at AG026. Cruz appealed that adverse action to the Guam Civil Service Commission (CSC). R. at AG212. On January 23, 2025, the CSC nullified the adverse action and ordered Cruz reinstated. R. at AG326. The CSC later issued its written Decision and Judgment on March 25, 2025, directing that Cruz be immediately reinstated to his former position with accrued seniority, back pay, and benefits. R. at AG490–93. Cruz returned



to work on or about April 1, 2025, but he was assigned to the Child Support Enforcement Division in a non-investigative position. V. Answer to V. Pet. for Writ Jud. Rev. Decl. J. & Countercl. Decl. Relief (May 7, 2025).

On April 16, 2025, OAG filed its Petition for Judicial Review of the CSC's Decision and Judgment. V. Pet. Writ Jud. Rev. (April 16, 2025). Cruz then filed a counterclaim for declaratory relief, alleging that OAG had failed to reinstate him in compliance with the CSC's March 25, 2025 Decision and Judgment. V. Answer to V. Pet. for Writ Jud. Rev. Decl. J. & Countercl. Decl. Relief. Cruz also sought reconsideration before the CSC to include attorney's fees and costs in the written judgment, and the CSC later issued an Amended Decision and Judgment on May 22, 2025 awarding attorney's fees. R. at AG003–7; R. at AG483–86. In a February 5, 2026 Decision and Order, this Court held that the CSC's Amended Judgment was untimely under 5 GCA § 9235 and exceeded the CSC's statutory authority. Dec. & Order (Feb. 5, 2026).

On February 16, 2026, the Court granted OAG's Motion to Dismiss Cruz's counterclaim for declaratory relief, concluding that the Court lacked jurisdiction over that claim. Dec. & Order (Feb. 16, 2026). On March 3, 2026, Cruz filed the present Motion for Reconsideration. Real Party in Interest's Mot. Recons. (Mar. 3, 2026). He argues that reconsideration is warranted based on new evidence and manifest injustice.

In support of the present Motion, Cruz relies on CSC Resolution No. 2017-002, which states that the CSC may decline to calendar motions to enforce when a case is currently active in the Judiciary of Guam. He also relies on statements made during a February 24, 2026 CSC hearing in a separate matter, *Civ. Serv. Comm'n, 3 GFD Emps. v. Guam Fire Dep't*, Post Audit Appeal Case No. 21-PA06. According to the transcript Cruz submitted, Chairman Juan K. Calvo

stated that he believed the CSC lacked enforcement authority in that matter and the employee could seek relief in court. Excerpt of Transcript from 3 GFD Emps. V. Guam Fire Dep't Feb. 24, 2026 Mot. Hr'g (Mar. 3, 2026). The Commission then voted 4-0 to deny the motion before it. *Id.*

OAG opposes reconsideration. Obj. Second Mot. Recons. (March 31, 2026). It argues, among other things, that no finding has been made that OAG failed to comply with the CSC's judgment in this case, that Cruz's claim is not ripe, and that the matter is moot because Cruz later resigned and retired.

## II.    DISCUSSION OF LAW

### A. Legal Standard

Motions for reconsideration are governed by Guam Rule of Civil Procedure 59(e) and CVR 7.1(i). Reconsideration is an extraordinary remedy and is granted only in limited circumstances. *Guam Bar Ethics Comm. v. Maquera*, 2001 Guam 20 ¶ 9; *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.*, 2014 Guam 12 ¶ 21. Under Guam law, reconsideration is appropriate only when the court is presented with new evidence, committed clear error or rendered a decision that was manifestly unjust, or faces an intervening change in controlling law. *Quitigua v. Flores*, 2004 Guam 19 ¶ 38; *Ward v. Reyes*, 1998 Guam 1 ¶ 10; see also *Camacho v. Perez*, 2017 Guam 16 ¶ 39.

CVR 7.1(i) is similarly narrow. It permits reconsideration only where there is: (1) a material difference in fact or law that could not have been known earlier through reasonable diligence; (2) newly emerged material facts or changed law; or (3) a failure by the Court to consider material facts previously presented. CVR 7.1(i). A motion for reconsideration is not a

vehicle to repeat prior arguments, advance theories that were previously available, or express disagreement with the Court's earlier ruling. *See id.*

## B. No Basis for Reconsideration

Cruz has not met the standard for reconsideration. He argues that reconsideration is warranted because requiring him to pursue enforcement before the CSC would be futile and unjust. Real Party in Interest's Mot. Recons. He bases that argument on the CSC's lack of clear enforcement procedures and on what he describes as new evidence making it "abundantly clear that [the CSC] will not seek enforcement." *Id.* at 3–4. The Court acknowledges the practical concern, and clearer procedures may benefit both employees and agencies. But neither the asserted lack of procedural clarity nor the February 24, 2026 CSC transcript establishes new evidence, manifest injustice, or a change in controlling law sufficient to satisfy Rule 59(e) or CVR 7.1(i).

First, CSC Resolution No. 2017-002 does not establish manifest injustice or futility in a way that justifies reconsideration. The Resolution reflects an internal calendaring policy, not a denial of all enforcement authority. By its terms, it allows the Executive Director to decline to calendar motions to enforce when a case is active in the Judiciary of Guam. It does not say that that CSC lacks authority to seek enforcement in every circumstance, nor does it eliminate all enforcement avenues. *Id.*, Ex. 1. Cruz asks the Court to treat the Resolution as proof that any resort to the CSC would be pointless, but the Resolution is narrower than that. It addresses when the CSC may decline to schedule a motion, not whether the CSC can or will seek enforcement through court action where appropriate.

Second, the record undermines Cruz's claim that the Resolution makes enforcement futile. The CSC's own materials show that it understands it may seek enforcement in court: the


ORIGINAL

amended decision states that the CSC may bring an action in the Superior Court to enforce reinstatement and impose appropriate penalties or remedies under 4 GCA § 4406(h). R. at AG492. And the CSC has recently pursued that course in a similar matter. *See Duenas v. Guam Behav. Health & Wellness Ctr.*, SP0064-26. In that case, the CSC filed a counterclaim in the Superior Court to enforce its February 24, 2026 Decision and Judgment against the Guam Behavioral Health and Wellness Center after finding that the employee had not been reinstated, in violation of 4 GCA § 4406(h). SP0064-26 (Resp't's Answer to Pet'r's V. Pet. Jud. Rev. & Countercl. Decl. Relief (May 18, 2026)). That recent conduct directly undermines Cruz's argument that the CSC categorically refuses to pursue enforcement or lacks any enforcement path at all.

Third, the February 24, 2026 *3 GFD Employees* transcript is not new evidence in the way reconsideration requires. It is a transcript from a separate proceeding involving different parties and a different procedural posture. At most, it shows the CSC's position in that other case and its view that employees there should seek relief in court. It does not establish a case-specific finding that the OAG failed to comply with the March 25, 2025 judgment in this case. Nor does it show that Cruz lacked any meaningful avenue to raise enforcement concerns in the ongoing proceedings here. And to the extent Cruz relies on the transcript as "new evidence," he does not show that it meaningfully alters the Court's prior analysis, as required for reconsideration. CVR 7.1(i) requires a material difference or new material fact, not merely later-developed support for a party's preferred position.

The transcript also does not establish manifest injustice. Manifest injustice requires more than uncertainty, inconvenience, or disagreement with the Court's prior ruling. Here, Cruz's argument remains a general complaint that the enforcement process is unclear or impractical.



But uncertainty alone does not show that the Court reached an unjust result, especially where the Commission's own materials and recent conduct indicate that enforcement may proceed through the court system when needed. The Court is therefore not confronted with a situation in which all enforcement remedies are unavailable or illusory.

In short, Cruz has not shown new evidence, clear error or manifest injustice, or a change in controlling law. The Resolution does not prove futility, the February 24, 2026 transcript is not case-specific new evidence material to the Court's prior ruling, and the CSC's recent enforcement filing undermines the premise that no enforcement path exists. What Cruz presents is a renewed disagreement with the Court's earlier jurisdictional ruling, not a proper ground for reconsideration under Rule 59(e) or CVR 7.1(i).

## III.    CONCLUSION

The Court finds that Real Party in Interest Bryan J. Cruz's argument, including material he relies upon, does not alter the Court's prior analysis or otherwise show that reconsideration is warranted under Rule 59(e) or CVR 7.1(i). Accordingly, the Motion for Reconsideration is DENIED.

**SO ORDERED, 9 June 2026.**

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:
William B. Pole, Esq., Office of the Attorney General, for Petitioner Office of the Attorney
     General
Jacqueline Taitano Terlaje, Esq., Law Office of Jacqueline Taitano Terlaje, P.C., for Real Party in
     Interest, Bryan J. Cruz
Fred Nishihira, Esq., for Respondent, The Guam Civil Service Commission

ORIGINAL